

The relief described hereinbelow is SO ORDERED.

Signed September 15, 2006.

_____
ROBERT D. BERGER
United States Bankruptcy Judge

---

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS

In re:

DONALD KENTON KESTER,                    Case No. 02-24689
            Debtor.                                        Chapter 7

---

DONALD KENTON KESTER,
            Plaintiff,

        v.                                              Adv. No. 05-06200

LARRY R. SHOUSE, *et al.*,
            Defendants.

---

**MEMORANDUM OPINION AND ORDER
GRANTING DEFENDANTS' MOTIONS TO DISMISS**[1]

This matter is before the Court on the defendants' Motions to Dismiss this adversary

---

[1] Plaintiff/debtor Donald Kenton Kester appears on his own behalf. Defendants Larry R. Shouse, Walter Alan Morton, William K. Kester and Jeannie M. Bobrink appear by their attorney, James F. Freeman III, Kansas City, Missouri. Defendants Christopher J. Redmond and Robert D. Maher appear by their attorney, Kasey A. Rogg, Kansas City, Missouri.

06.09.14 Kester v. Shouse MTD Granted.wpd

proceeding.[2]  The Court, having reviewed the relevant pleadings, finds cause to grant the

defendants' motions.

### Background

The plaintiff, a *pro se* litigant and debtor in the underlying bankruptcy case, filed for

bankruptcy relief on December 13, 2002.  On March 28, 2005, debtor filed his "Complaint

Alleging an Organized Conspiracy to Commit the Crimes of Extortion and Coercion, for

Declaratory Judgement, Possession of Real Property, and Damages" seeking damages under the

Racketeer Influenced and Corrupt Organizations Act ("RICO")[3] in the United States District

Court for the District of Kansas.  On October 7, 2005, the District Court referred the case to this

Court under 28 U.S.C. § 157(a).[4]

Plaintiff alleges that all six defendants conspired to seize his interest in a business called

Kester Merchandising Display International ("KMDI") and thereafter conspired to deprive him

of the benefits of his prior interest in KMDI.  In 2004, this Court approved the sale of plaintiff's

non-exempt and unencumbered stock in KMDI for $20,000 pursuant to 11 U.S.C. § 363 and

Rule 6004.  Liberally construed, plaintiff's Complaint challenges the sale and transfer of

plaintiff's interest in KMDI previously approved by this Court.

The defendants move to dismiss this adversary proceeding pursuant Rule 7012(b) of the

Federal Rules of Bankruptcy Procedure.[5]  The defendants contend *res judicata* bars the present

Complaint.  Defendant Bobrink further contends the Complaint is barred as to her by the

---

[2]  Doc. Nos. 52, 53, 54, 55 and 56.

[3]  18 U.S.C. § 1861, *et seq.*

[4]  See *Kester v. Shouse*, Case No. 05-CV-2121-KHV in the United States District Court for the District of Kansas, Doc. No. 49, October 7, 2005.

[5]  Federal Rule of Civil Procedure 12(b) is made applicable to this proceeding.

06.09.14 Kester v. Shouse MTD Granted.wpd

doctrine of immunity because plaintiff's allegations against Bobrink are limited to her actions in providing legal representation to plaintiff's adversaries in prior legal proceedings.[6]

The present Complaint follows adverse rulings against debtor on several motions and two adversary proceedings related to the sale of KMDI. However, the Court need not take judicial notice of prior pleadings or consider matters outside the face of the Complaint because the Complaint fails to state a claim under RICO and shall be dismissed.

### Analysis

In considering a motion to dismiss, the Court will accept all well-pleaded allegations of fact, as distinguished from conclusory allegations, as true and construe them in the light most favorable to the plaintiff.[7] The Court must construe *pro se* pleadings liberally.[8] To state a RICO claim, the plaintiff must allege a violation of 18 U.S.C. § 1962 by setting forth four elements: (1) conduct; (2) of an enterprise; (3) through a pattern; (4) of racketeering activity.[9] A pattern of racketeering activity must include commission of at least two predicate acts. Also, a plaintiff has standing to bring a RICO claim only if he was injured in his business or property by reason of the defendant's violation of § 1962.[10]

### Standing

Plaintiff does not have standing to bring a RICO claim based upon what happened to his interest in KMDI because plaintiff filed for bankruptcy. When plaintiff filed for bankruptcy, all legal and equitable interests he had in KMDI became property of the bankruptcy estate.[11] Causes

---

[6] *See, e.g., Zhu v. Fisher, Cavanaugh, Smith & Lemon, P.A.,* 151 F. Supp. 2d 1254, 1259 (D. Kan. 2001).
[7] *Deck v. Engineered Laminates,* 349 F.3d 1253, 1255 (10th Cir. 2003).
[8] *Id.* at 1256.
[9] *Id.* at 1257.
[10] *Id.*
[11] 11 U.S.C. § 541(a)(1).

06.09.14 Kester v. Shouse MTD Granted.wpd

of action plaintiff may have had pre-petition also became property of the bankruptcy estate.[12]

Plaintiff's cause of action is premised on an alleged takeover of KMDI in September 2002.

Accordingly, KMDI and any cause of action for an alleged injury occurring in September 2002

became property of the estate.  Plaintiff does not and cannot allege injury to his business or

property based upon KMDI.

### *Specificity of Pleading*

Plaintiff fails to sufficiently and specifically plead the elements of a RICO cause of

action.  The predicate acts must be pled with sufficient specificity to establish probable cause

that a crime has been committed.[13]  Merely alleging that defendants benefitted from racketeering

activity is insufficient.[14]  Plaintiff makes only two factual allegations: (1) three of the defendants

allegedly seized "by force of arms" KMDI from plaintiff in September 2002; and (2) plaintiff

filed for bankruptcy.  Although plaintiff concludes defendants acquired and maintained KMDI

> . . . through a pattern of racketeering and collection of unlawful debts, including
> but not limited to, multiple instances of criminal usury, theft, forgery, alteration of
> and use of false documentation in federal legal proceedings, false oaths and
> declarations in a bankruptcy proceeding, actual bankruptcy fraud, mail fraud,
> possession and use of firearms, wiretapping, wire fraud, interference with
> prospective economic advantage, conversion, nuisance, trespass, abuse of
> process, malicious institution of civil proceedings, negligent misrepresentation,
> bribery, and compounding a crime[,]

plaintiff does not allege any of the acts with particularity as to time, place, identity of defendant,

contents of the misrepresentations, or any other element of the long list of alleged misconduct--

---

[12]  *Id.*; *see In re Potter*, 101 Fed. Appx. 770, 772 (10th Cir. 2004) (citing *Jones v. Harrell*, 858 F.2d 667, 669 (11th Cir. 1988) (noting that "[a] trustee in bankruptcy succeeds to all causes of action held by the debtor at the time the bankruptcy petition is filed.")).

[13]  *Grant v. Union Bank*, 629 F. Supp. 570, 575 (D. Utah 1986).

[14]  *Lopez v. Dean Witter Reynolds, Inc.,* 591 F. Supp. 581, 586 (N.D. Cal. 1984).

06.09.14 Kester v. Shouse MTD Granted.wpd

several of which are not even RICO predicate acts.[15]

Additionally, plaintiff fails to adequately plead a RICO enterprise. An enterprise is an ongoing organization, formal or informal, in which the various associates function as a continuing unit.[16] An enterprise is not simply a group of individual defendants accused of engaging in racketeering.[17] A central element of an enterprise is structure, and a plaintiff must allege some sort of chain of command or hierarchy.[18] Plaintiff's Complaint is devoid of any allegation that the defendants are united in a common enterprise. The closest allegation of an enterprise is a conclusory statement that KMDI is a "criminal enterprise and slush fund directed by [defendants Shouse and Morton]." Plaintiff fails to allege any structure involving the defendants and fails to allege defendants are united in a continuing pattern of racketeering. The Complaint's lack of allegations of a continuing scheme is a fatal defect.[19] Liberally construed in favor of the plaintiff, the cause of action is based upon the disposition of KMDI. A complaint about one, discrete objective, *i.e.*, "Defendants' acquisition and maintenance of Plaintiff's interests in [KMDI]"[20] does not create a RICO cause of action because the scheme ends when the purpose is accomplished.[21] The facts alleged describe a single scheme with one victim. RICO does not apply.[22] Thus, because the Complaint is devoid of the requisite elements of a RICO cause of action, and because the plaintiff lacks standing, the Complaint shall be dismissed.

---

[15] *Switzer v. Coan,* 261 F.3d 985, 992 (10th Cir. 2001).

[16] *United States v. Turkettte,* 452 U.S. 576, 583, 101 S. Ct. 2524, 69 L. Ed. 2d 246 (1981).

[17] *Switzer*, 261 F.3d at 992.

[18] *VanDenBroeck v. CommonPoint Mortg. Co.*, 210 F.3d 696, 700 (6th Cir. 2000).

[19] *Garbade v. Great Divide Mining and Milling Corp.*, 831 F.2d 212, 214 (10th Cir. 1987).

[20] Complaint at ¶ 1.

[21] *Garbade*, 831 F.2d at 214 (citing *Torwest DBC, Inc. v. Dick*, 810 F.2d 925 (10th Cir. 1987).

[22] *Torwest DBC, Inc.*, 810 F.2d at 929; *see also Religious Technology Center v. Wollersheim*, 971 F.2d 364 (9th Cir. 1992).

06.09.14 Kester v. Shouse MTD Granted.wpd

### *Conclusion*

For the reasons outlined above, the defendants' Motions to Dismiss are GRANTED.

###

ROBERT D. BERGER
U.S. BANKRUPTCY JUDGE
DISTRICT OF KANSAS

06.09.14 Kester v. Shouse MTD Granted.wpd